IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GRECIA GARCIA, Individually and as Next Friend of YR, a minor | § § § | |
| vs. | § § | C.A. NO. _____ |
| HIRSCHBACH MOTOR LINES, INC. and SAMUEL TAYLOR | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, Grecia Garcia, Individually and as Next Friend of YR, a minor, ("Plaintiff"), by and through undersigned counsel, complaining of Hirschbach Motor Lines, Inc. and Samuel Taylor ("Defendants"), and for cause would showt as follows:

### I. Parties

1. Plaintiff Grecia Garcia is a resident citizen of the state of Texas.

2. Minor YR is the daughter of Plaintiff Grecia Garcia and is a resident citizen of the state of Texas.

3. Defendant Hirshbach Motor Lines, Inc. is an Iowa corporation doing business in the state of Texas and has a regional office in Denton,, Texas, but does not currently have designated agent upon whom service may be had upon causes of action arising out of such business done in this State.[1] For those reasons, service of process is to be made pursuant to § 17.044, Civ.

---

[1] Texas Secretary of State records reflect forfeiture of the corporation's charter on April 15, 2016.

1

Prac. & Rem. Code, by serving the Secretary of State of the State of Texas as the agent for Hirschbach Motor Lines. This suit arises out of business done on a regular basis by Hirschbach Motor Lines in this state, and under the circumstances, Hirschbach Motor Lines has appointed the Texas Secretary of State as its agent upon whom service of process may be had in this action. The Secretary of State is requested to forward a copy of process and this petition to the President or Registered Agent (Brian Kohlwes) of Hirschbach Motor Lines at its home office and principal place of business at 2460 Kerper Blvd., Dubuque, Iowa 52001.

4. Defendant Samuel Taylor is an individual and resident of West Virginia. While said Defendant is not a resident of this state and does not maintain a regular place of business in Texas, he committed a tort in this state where he was doing business at the time the motor vehicle accident made the basis of this lawsuit occurred. For those reasons, service of process is to be made pursuant to § 17.044, Civ. Prac. & Rem. Code, by serving the Secretary of State of the State of Texas as the agent for Samuel Taylor. The Secretary of State is requested to forward a copy of process and this petition to Samuel Taylor at his address of 661 Piney Branch Place, Princeton, West Virginia 24739.

## II. Venue and Jurisdiction

5. This is a negligence action arising out of a vehicular accident that occurred in the Southern District of Texas where Plaintiff also resides.

6. The Defendants have their principal places of business in states other than Texas. Jurisdiction, therefore, attaches pursuant to 28 U.S.C. §1332 since there is diversity of parties and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

### III. Background and Nature of the Case

7. This is a negligence case in which Plaintiff seeks monetary relief over $1,000,000.00 and a demand for judgment for all other relief to which Plaintiff may be entitled.

8. On November 14, 2016, at approximately 11:30 a.m., Plaintiff and her minor daughter, YR, were passengers in a 2002 Jeep Grand Cherokee traveling westbound at or near the 8100 block of La Porte Freeway in Harris County, Texas.

9. The 2002 Jeep Grand Cherokee was being driven by Plaintiff's husband, Edgar Rodriguez.

10. At the same time, an eighteen-wheeler owned by Hirschbach Motor Lines, Inc. was traveling southbound at or near the 1300 block of Broadway Street in Harris County, Texas, near the intersection with La Porte Freeway.

11. The eighteen-wheeler was being driven by Samuel Taylor.

12. At all times relevant to this matter, Samuel Taylor was an employee of Hirschbach Motor Lines, Inc.

13. At all times relevant to this matter, Samuel Taylor was acting within the course and scope of his employment with Hirschbach Motor Lines, Inc.

14. The intersection of La Porte Freeway and Broadway Street is controlled by a traffic light signal.

15. The Grand Cherokee in which Plaintiff and her minor daughter, YR, were passengers entered the intersection of La Porte Freeway and Broadway on a green light signal.

16. While the Grand Cherokee was traveling westbound through the intersection, Samuel Taylor drove through a red light signal, entering the intersection occupied by the Grand Cherokee and resulting in a collision between the Grand Cherokee and eighteen-wheeler.

17. As a result of the collision, Plaintiff and her minor daughter, YR, were seriously injured.

18. The negligence and gross negligence of Defendants Hirschbach Motor Lines, Inc. and Samuel Taylor were a proximate cause of the injuries incurred by Plaintiff and her minor daughter, YR, and the resulting damages.

## CAUSES OF ACTION

### IV. Negligence of Samuel Taylor

19. Plaintiff incorporates by this reference each and all of the allegations contained in the preceding paragraphs of this complaint as though fully set forth here.

20. Defendant Hirschbach Motor Lines, Inc.'s employee, Samuel Taylor, had a duty to act as a reasonable and prudent commercial vehicle operator would have acted under the same or similar circumstances and to exercise ordinary care.

21. Samuel Taylor breached his duty of care and was thus negligent by committing the following acts and/or omissions:

   a. Failing to keep a proper lookout;

   b. Failing to timely apply his brakes;

   c. Disregarding a stop and go signal;

   d. Entering an intersection when unsafe;

   e. Driving at an unsafe speed;

   f. Operating a vehicle in a reckless manner; and

   g. Violating applicable Texas Transportation Code provisions.

22. The above negligent of Samuel Taylor was a proximate cause of the injuries and resulting damages incurred by Plaintiff and her minor daughter, YR.

## V. Negligence *Per Se* of Samuel Taylor

23. Plaintiff incorporates by this reference each and all of the allegations contained in the preceding paragraphs of this complaint as though fully set forth here.

24. The negligent acts and omissions of Samuel Taylor noted above constitute violations of Texas codes and statues including, but not limited to, TEX. TRANS. CODE § 545.151.

25. TEX. TRANS. CODE § 545.151 was enacted to protect persons such as Plaintiff and her minor daughter, YR.

26. The injuries incurred by Plaintiff and her minor daughter, YR, are the type that TEX. TRANS. CODE § 545.151 was intended to prevent.

27. Finding Samuel Taylor liable for in this matter for his violation of TEX. TRANS. CODE § 545.151 is equitable and appropriate under the circumstances of this case.

28. The above negligence *per se* of Samuel Taylor was a proximate cause of the injuries and resulting damages incurred by Plaintiff and her minor daughter, YR.

## VI. Negligence of Hirschbach Motor Lines, Inc.

29. Plaintiff incorporates by this reference each and all of the allegations contained in the preceding paragraphs of this complaint as though fully set forth here.

30. At all relevant times, Hirschbach Motor Lines, Inc. was the owner of the eighteen-wheeler involved in the subject collision and the employer of Samuel Taylor, was acting within the course and scope of his employment with Hirschbach Motor Lines, Inc. at the time of the collision.

31. Hirschbach Motor Lines, Inc. is vicariously liable for the conduct of its employee, Samuel Taylor, relating to the subject accident.

32. Each of the above negligent acts and/or omissions on the part of Hirschbach Motor Lines, Inc.'s employee, Samuel Taylor, singularly and cumulatively, was a proximate cause of the collision and the resulting injuries and damages to Plaintiff and her minor daughter, YR.

33. Hirschbach Motor Lines, Inc. was negligent in failing to properly train its employee, Samuel Taylor, on safe driving practices and safe operation of its eighteen-wheeler.

34. The above negligence of Hirschbach Motor Lines, Inc. was a proximate cause of the injuries and resulting damages incurred by Plaintiff and her minor daughter, YR.

## VII. Gross Negligence of Samuel Taylor

35. Plaintiff incorporates by this reference each and all of the allegations contained in the preceding paragraphs of this complaint as though fully set forth here.

36. The conduct of Samuel Taylor, as described above, constitutes gross negligence, as that terms are defined by Texas law. That is, when viewed objectively from the standpoint of Defendant, such acts and omissions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with a conscious indifference to the rights, safety and welfare of others. As such, Plaintiffs are entitled to recover exemplary/punitive damages as allowed by law for this conduct.

## VIII. DAMAGES

37. Plaintiff incorporates by this reference each and all of the allegations contained in the preceding paragraphs of this complaint as though fully set forth here.

38. Because of the actions and conduct of Defendants as set forth above, Plaintiff and her minor daughter, YR, sustained serious bodily injuries and damages.

39. Because of the nature and severity of the injuries sustained, Plaintiff and her minor daughter, YR, have suffered physical pain and mental anguish, physical impairment, disfigurement, and loss of life's enjoyment and, in reasonable probability, will continue to suffer physical pain and mental anguish, physical impairment, disfigurement, and loss of life's enjoyment in the future.

40. Plaintiff and her minor daughter, YR, have required medical treatment in the past and will, in reasonable probability, require additional medical treatment in the future. Medical care expenses incurred by Plaintiff and her minor daughter, YR, for such medical treatment in the past and those that will in reasonable probability be incurred in the future have been and will be reasonable medical care expenses made necessary by the incident in question.

41. Plaintiff Grecia Garcia seeks personal injury damages on her own behalf and on behalf of her minor daughter, YR, in amounts the jury deems to be fair and reasonable consisting of past and future physical pain and mental anguish, past and future loss of earnings and earning capacity, past and future disfigurement, past and future physical impairment and past and future medical care and expenses.

42. Plaintiff also seeks exemplary/punitive damages as a result of the gross negligence described above, and if the jury so finds, Plaintiffs seek an amount the jury deems to be fair and reasonable.

43. Plaintiff also seeks recovery for all costs of court and pre-judgment and post-judgment interest in the maximum amount allowed by law.

## IX. Reservation of Rights

44. Plaintiff incorporates by this reference each and all of the allegations contained in the preceding paragraphs of this complaint as though fully set forth here.

45. These allegations against Defendants Hirschbach Motor Lines, Inc. and Samuel Taylor are made acknowledging that investigation and discovery, although undertaken, are continuing in this matter. As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential of adding additional parties to the case or dismissing parties from the case. The right to do so is, under Texas law, expressly reserved.

## X. Pre-Judgment Interest

46. Plaintiff incorporates by this reference each and all of the allegations contained in the preceding paragraphs of this complaint as though fully set forth here.

47. Plaintiff would additionally say and show that he is entitled to recover pre-judgment interest in accordance with law and equity as part of his damages herein, and Plaintiff here and now sues for recovery of pre-judgment interest as provided by law and equity under the applicable provisions of the laws of the State of Texas.

## XI. Jury Demand

48. Plaintiff hereby demands a trial by jury.

## PRAYER

WHEREFORE, Plaintiff prays that Defendants be cited to appear herein and answer, and upon final hearing, Plaintiff be awarded a judgment against the Defendants, jointly and severally, for actual damages (past and future) as set forth above and/or to the fullest extent allowed by law and

which the jury deems to be fair and reasonable; exemplary/punitive damages as described above in an amount the jury deems to be fair and reasonable; costs of court; pre-judgment interest; post-judgment interest at the highest lawful rate until the judgment is satisfied in full; and for any and all other relief, at law and in equity, which the jury deems to be fair and reasonable, and to which Plaintiff may be justly entitled.

Respectfully submitted,

THE AMMONS LAW FIRM, L.L.P.

By: _____
Robert E. Ammons
Attorney-in-Charge
Texas State Bar No. 01159820
Southern District of Texas ID No. 11742
Evan N. Kramer
Texas State Bar No. 11704650
Southern District of Texas ID No. 579748
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: 713-523-1606
Facsimile: 713-523-4159
Email: rob@ammonslaw.com
Email: evan@ammonslaw.com
Email: carmen@ammonslaw.com

**ATTORNEY FOR PLAINTIFF**